UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                      )
                                            )            CHAPTER 7
JOSEPH S. PROVANZANO,                       )          CASE NO. 24-10298
        Debtor.                             )       JUDGE JANET E. BOSTWICK
                                            )
                                            )

MOTION OF ESTATE OF THOMAS COOKE AND NORFOLK & DEDHAM MUTUAL
FIRE INSURANCE COMPANY FOR AN ORDER LIFTING STAY AND WHICH PERMITS
THE ALLEGED DEBTOR TO PURSUE HIS MOTION TO DETERMINE ATTORNEY'S
LIEN AT THE NORFOLK SUPERIOR COURT

NOW COMES The Estate of Thomas Cooke and Norfolk & Dedham Mutual Fire
Insurance Company ("Norfolk & Dedham") and moves that the Honorable Court lift the automatic
stay and issue an order which permits the alleged debtor, Joseph Stephen Provanzano, to pursue
his Motion to Determine Attorney's Lien in a matter which is pending at the Norfolk Superior
Court in Massachusetts. As a basis for their Motion, the moving parties state that:

1.      The Estate of Thomas Cooke is a defendant in Civil Action No. 2282CV00669
which is pending at the Norfolk Superior Court in Massachusetts. Said civil action arises out of a
motor vehicle accident which occurred on November 20, 2020 while Thomas Cooke was driving
a 2005 Ford Explorer on the Boston-Providence Highway when his e drifted into the right lane of
traffic, left the roadway and struck Michael Dlott. Mr. Dlott was struck while a pedestrian and
allegedly sustained severe injuries as a result.

2.      On July 24, 2023, Norfolk Superior Court Judge Joseph F. Leighton, Jr. issued a
Memorandum of Decision and Order for Judgment on the Motion for Summary Judgment of The
Estate of Thomas Cooke. (Exhibit "A"). The Superior Court Judge determined that the liability
of The Estate of Thomas Cooke and his insurer, Norfolk & Dedham, was limited to $100,000,

which represented the per-person bodily injury limit of the Massachusetts Automobile Insurance Policy which was issued to Thomas Cooke.

3.      On September 15, 2023, the alleged debtor, Joseph Stephen Provanzano, filed a Notice of Attorney's Lien together with a Motion to Determine Attorney's Lien in the matter which is pending at the Norfolk Superior Court.  (Exhibit "B").  By his Motion, Attorney Provanzano seeks recovery of a contingency fee on the $100,000 per person policy limit, which is the subject matter of the ruling by Judge Leighton.  (For procedural reasons, the notice and motion were not docketed until November 21, 2023.)

4.      The clerk at the Norfolk Superior Court scheduled a hearing for Wednesday, March 27, 2024 on the Motion to Determine Attorney's Lien which had previously been docketed by Attorney Provanzano.  However, on March 24, 204, counsel for Michael Dlott notified the clerk of the Involuntary Bankruptcy Petition which was filed in this matter and requested that the bankruptcy proceeding against Joseph Provanzano be brought to the attention of Judge Leighton. (Exhibit "C").

5.      On Monday, March 25, 2024, Mary K. Hickey, the First Assistant Clerk at the Norfolk Superior Court, notified all counsel that Judge Leighton had cancelled the motion hearing which was scheduled for Wednesday, March 27, 2024.  (Exhibit "D").

6.      There needs to be a determination by a judge at the Norfolk Superior Court as to whether or not Attorney Provanzano has a valid and enforceable lien against the proceeds of the $100,000 settlement check which Norfolk & Dedham, as the insurer of the Estate of Thomas Cooke, would like to be able to issue to Michael Dlott.

7.      The question of whether or not Attorney Provanzano has a valid attorney lien against the settlement effectuated between Michael Dlott and The Estate of Thomas Cooke should

have no bearing on whether or not the petitioners in this involuntary bankruptcy proceeding are entitled to recover from the Alleged Debtor.  The subject attorney's lien is a potential business asset of Attorney Provanzano's law practice.  He should be allowed to attempt to turn it into an actual asset.  If Attorney Provanzano is successful in establishing an attorney's lien in the matter which is pending in the Norfolk Superior Court, then the legal fee could either be held in escrow or distributed to the Petitioners, so that Michael Dlott can receive his share of the balance of the settlement.  If Judge Leighton determines that Mr. Provanzano does not have a valid attorney's lien, then an obstacle to resolution of the underling matter will have been resolved.

8.      A proposed order is attached to this motion.

WHEREFORE, the moving parties ask that this Honorable Court issue an order which lifts the stay and thereby permits a judge at the Norfolk Superior Court to hear and decide Attorney Provanzano's Motion to Determine Attorney's Lien.

ESTATE OF THOMAS COOKE
AND THE NORFOLK & DEDHAM MUTUAL
FIRE INSURANCE COMPANY,
By Their Attorneys,

/s/ Ralph C. Sullivan

/s/ Gabriella Bitar

_____
Ralph C. Sullivan, BBO #541992
rsullivan@morrisonmahoney.com
Gabriella M. Bitar, BBO# 712848
gbitar@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181

<u>CERTIFICATE OF SERVICE</u>

I, Ralph C. Sullivan, hereby certify under oath and under the pains and penalties of perjury that on April 11, 2024, I mailed a copy of the above pleading to Philippe Muraglia, Jonathan Sweeney and Robert Barden, by mailing same to R.J. Barden, at 98 Bean Street, Unit 9, in Hollis, ME 04042 and Joseph S. Provanzano, 16 Bourbon Street, Suite C, Peabody, MA 01960-1545, by e-mailing same, as well as via the United States Postal Service, by first class mail, postage prepaid.

Dated: April 11, 2024                    */s/ Ralph C. Sullivan*

_____

# CLERK'S NOTICE

**Trial Court of Massachusetts**

**The Superior Court**

DOCKET NUMBER

**2282CV00669**

| | |
|---|---|
| CASE NAME:<br>**Michael Dlott vs. Grand Slam Restaurant Concepts Norwood, LLC d/b/a Jake N Joes Sports Grille-Norwood et al** | Walter F. Timilty, Clerk of Courts<br>Norfolk County |
| TO:<br>Ralph Clark Sullivan, Esq.<br>Morrison Mahoney LLP<br>250 Summer St<br>Boston, MA 02210 | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

# EXHIBIT "A"

You are hereby notified that on 07/25/2023 the following entry was made on the above referenced docket:

**Endorsement on Motion for summary judgment, MRCP 56 After hearing; Motion is (#17.0): ALLOWED It is hereby ORDERED that Judgment shall enter in the amount of $100,000.00 against the Estate of Thomas Cooke. See Memorandum of Decision and Order. (dated 7/25/2023) ns ni**

**Judge: Leighton, Hon. Joseph**

xx

| DATE ISSUED | ASSOCIATE JUSTICE/ ASSISTANT CLERK | SESSION PHONE# |
|---|---|---|
| **07/25/2023** | **Hon. Joseph Leighton** | |

Date/Time Printed: 07-25-2023 14:29:49

SCR016\ 02/2023

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
7/25/23

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

**SUPERIOR COURT
CIVIL ACTION
NO. 22-00669**

### MICHAEL DLOTT

### vs.

### GRAND SLAM RESTAURANT CONCEPTS NORWOOD, LLC
### d/b/a JAKE N JOES aka JAKE N JOES SPORTS GRILLE – NORWOOD & others[1]

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT ESTATE OF THOMAS COOKE'S MOTION FOR SUMMARY JUDGMENT

This unusual summary judgment motion arises out of a serious motor vehicle accident. The plaintiff Michael Dlott was injured as he was walking in a parking lot when he was struck by a car driven by defendant Thomas Cooke. Mr. Cooke died of unrelated causes after the accident. The plaintiff brought several claims against the various defendants including a negligence claim against the Estate of Thomas Cooke (the "Estate"). The matter is now before the Court on the Estate's motion for summary judgment. The Estate contends that in the present circumstances, where the plaintiff failed to bring his claim against the Estate within one year of Cooke's death and the Estate's insurer has offered its policy limits to settle the case, summary judgment is appropriate against the Estate in the amount of the policy limits, pursuant to G. L. c. 190B, § 3-803, without any additional costs or prejudgment interest. For the reasons that follow, the Estate's motion is **ALLOWED**.

---

[1] CMI Property Management, Inc.; Margaretmit, LLC; 475 Turnpike, LLC; Christopher T. Casey, as personal representative of the Estate of Thomas Cooke; and Andrew Rogers

## BACKGROUND

On November 20, 2020, Cooke was driving his 2005 Ford Explorer XLT (the "Ford") in the left lane of Boston-Providence Highway when he drifted into the right lane of traffic. The right rear fender of the Ford struck the left front fender of another vehicle driven by defendant Andrew Rogers causing the Ford to spin and leave the roadway. The Ford struck Dlott as he was walking in a parking lot at 475 Providence Highway. He was thrown several feet from the impact site.

Dlott was transported to Massachusetts General Hospital by Med Flight. Rogers was uninjured, and Cooke was transported to Beth Israel Needham. Cooke was issued a Massachusetts Uniform Citation for failing to operate in marked lanes and negligent operation of a motor vehicle.

At the time of the accident, Norfolk & Dedham Mutual Fire Insurance Company ("Norfolk & Dedham") insured Cooke's Ford under a policy, effective January 1, 2020 to January 1, 2021, with bodily injury limits of $100,000 per person and $300,000 per accident. Norfolk & Dedham assigned the handling of Dlott's bodily injury claim against its insured to Joseph Walsh, a Casualty Claims Examiner.

Walsh investigated the accident on behalf of Norfolk & Dedham. He concluded that the liability of Cooke was reasonably clear in that Cooke was at least partially at fault for the accident of November 20, 2020. Norfolk & Dedham determined that Dlott's alleged injuries and damages had a settlement value of no less than $100,000, the policy limit.

Following the accident, Norfolk & Dedham received a demand letter dated February 11, 2021 from the Law Office of Michael Dlott. On April 7, 2021, Walsh spoke with, and sent an email to Dlott conveying a $100,000 policy limit offer to settle Dlott's bodily injury claim in

exchange for a full release of all claims. On May 11, 2021, Norfolk & Dedham received notice that Dlott was represented by counsel. On June 1, 2021, Walsh sent a letter to the plaintiff's counsel reiterated the previous $100,000 settlement offer to the plaintiff. The offer remains outstanding.

Cooke died on August 27, 2021. The plaintiff's counsel learned of Cooke's death in the late fall of 2021. On January 10, 2022, the plaintiff's counsel, retained Attorney Christopher T. Casey to file a Petition of Formal Probate of a Will and Appointment of a Personal Representative for the Estate of Thomas C. Cooke ("Petition of Formal Probate"). On May 16, 2022, Cooke's Last Will and Testament was filed with the Norfolk Probate and Family Court. On July 12, 2022, Attorney Casey, who had been awaiting the filing of a Petition of Formal Probate by Cooke's surviving spouse, filed a Petition for Formal Probate seeking to be appointed as the Personal Representative of the Estate. On July 19, 2022, the plaintiff filed the instant action and served a summons on Attorney Casey for the Estate.

Cooke's surviving family members received notice of Cooke's filing of a Petition for Formal Probate in August 2022, and they filed objections. On October 13, 2022, Cooke's daughter, Suzanne Collette, filed a Petition for Formal Probate of the Will and sought appointment of herself as Personal Representative of the Estate. On November 17, 2022, Attorney Casey gave notice of withdrawal of his Petition for Formal Probate. Collette was appointed Personal Representative on February 1, 2023.

On October 3, 2022, the plaintiff's counsel served a copy of the plaintiff's complaint, by email, upon Walsh as an authorized representative of Norfolk & Dedham. At that time, Norfolk & Dedham accepted service of the plaintiff's complaint on behalf of Cooke's Estate.

## DISCUSSION

Summary judgment is appropriate where, "viewing the evidence in the light most favorable to the nonmoving or opposing party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Jinks* v. *Credico (USA) LLC*, 488 Mass. 691, 704 (2021) (citation and quotations omitted). See Mass. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating the absence of a triable issue of fact on every relevant issue." *Scholz* v. *Delp*, 473 Mass. 242, 249 (2015). Once the moving party establishes the absence of a triable issue, "the nonmoving party must respond and make specific allegations sufficient to establish a genuine issue of material fact." *Barron Chiropractic & Rehab., P.C.* v. *Norfolk & Dedham Grp.*, 469 Mass. 800, 804 (2014). Applying the standard articulated above, the Court concludes that summary judgment is warranted on the plaintiff's negligence claim against the Estate in the amount of $100,000.

Claims against an estate are governed by G. L. c. 190B, § 3-803(a) of the Massachusetts Uniform Probate Code, which requires a decedent's creditor to file and serve an action upon the personal representative of the decedent's Estate within one year of the decedent's death. "The purpose of the statute is to expedite the settlement of estates." See *New England Trust Co.* v. *Spaulding*, 310 Mass. 424, 429 (1941) (discussing rationale behind comparable version of the current statute).

Cooke died on August 27, 2021. Under G. L. c. 190B, § 3-803(a), the plaintiff had one year from that date to complete service of process on the personal representative of his Estate. However, the Norfolk Probate and Family Court did not appoint a personal representative for the

4

Estate within one year of Cooke's death.  Thus, any claim asserted against the Estate is untimely under G. L. c. 190B, § 3-803(a).[2]

The plaintiff is not without recourse.  General Laws c. 190B, § 3-803(d)(2) provides that in cases such as this where an action for personal injury is commenced more than one year after the death of the decedent but within three years after the cause of action accrues, the plaintiff may still assert his action.  However, "a judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate."  G. L. c. 190B, § 3-803(d)(2).  The plaintiff here served Norfolk & Dedham by email on October 3, 2022.  See G. L. c. 190B, § 3-803(d)(2) (where a personal representative has not yet been appointed, service of process may be made on the "entity providing insurance").  Because it was more than one year after Cooke's death, Section 3-803(d)(2) permits a judgment on the plaintiff's claim to be satisfied only from "the proceeds of a policy of liability bond or liability insurance."  Accordingly, the plaintiff's recovery is limited to $100,000—the per person limit on Cooke's liability insurance policy.

The plaintiff contends that the Estate's motion should be denied because "justice and equity demand it and because the plaintiff was not culpably neglectful as to the one-year anniversary of the decedent's death."  Plaintiff's Opposition at 5.  While G. L. c. 190B, § 3-803(e) provides for equitable relief from the one-year statute of limitations under Section 3-803(a), the complaint in equity must be filed with the Supreme Judicial Court.  Such relief cannot be granted by the trial court.  See *Abrahamson* v. *Estate of LeBold*, 89 Mass. App. Ct. 223, 228 (2016) (affirming the denial of a request for equitable relieve because "G. L. c. 190B, §

---

[2] The Court does not agree with the plaintiff's assertion that he timely brought the matter within one year of Cooke's death because he served Attorney Casey with the complaint on July 19, 2022.  Attorney Casey was never appointed Personal Representative of the Estate, and therefore, he could not accept service on behalf of the Estate.

3–803(e) . . . provides that only the Supreme Judicial Court may grant a complaint in equity filed

by a creditor 'whose claim has not been prosecuted within the time limited by subsections (a) or

(b). . . . '").

The plaintiff's remaining arguments in opposition to the Estate's motion are also

unavailing.  The plaintiff contends that there is a material fact in dispute, namely whether it was

the right or the left rear door of the Ford that struck the plaintiff.  This fact is immaterial to

whether under G. L. c. 190B, § 3-803(d)(2), the plaintiff timely filed his claim and whether his

recover is limited to the insurance policy limit.  The plaintiff also argues that the Estate's motion

is premature because discovery is not yet complete and therefore the assets of the Estate are not

fully known.  The assets of the Estate are also immaterial to this motion as the plaintiff's

recovery is limited to the insurance policy under G. L. c. 190B, § 3-803(d)(2).  Finally, the

plaintiff contends that because Collette has been appointed Personal Representative of the Estate,

the plaintiff should be permitted to amend his complaint and serve his complaint upon Collette.

The plaintiff has provided the Court no authority in support of this argument, and indeed such a

result would be inconsistent with the purpose of G. L. c. 190B, § 3-803.  See *Abrahamson*, 89

Mass. App. Ct. at 226-227 (legislative intent to expedite the bringing of claims against an estate

demonstrated by shortening of statute of limitations from four years from the date of the

executor's bond to the current one year from the date of the decedent's death).

## **ORDER**

For the foregoing reasons, the Estate of Thomas Cooke's Motion for Summary Judgment

(Docket No. 17) is **ALLOWED**.  It is hereby **ORDERED** that judgment shall enter in the

amount of $100,000 against the Estate of Thomas Cooke.

Joseph F. Leighton, Jr.
Justice of the Superior Court

Dated: July 24, 2023

Date Filed 11/21/2023 9:40 PM
Superior Court - Norfolk
Docket Number 2282CV00669

Docketed 11/27/2023                                                    28.0

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                            SUPERIOR COURT
                                                        CIVIL ACTION
                                                        DOCKET NUMBER
                                                        **2282CV669**

****************************************************
MICHAEL D. DLOTT,                                *
                                                 *
                              Plaintiff,         *     # EXHIBIT "B"
                                                 *
            -- vs. --                            *
                                                 *
GRAND SLAM RESTAURANT                            *
CONCEPTS NORWOOD, LLC,                           *
d/b/a JAKE N JONES, also known as JAKE N         *
JOE'S SPORTS GRILLE - NORWOOD,                   *
CMI PROPERTY MANAGEMENT, INC.,                   *
MARGARETMIT, LLC., 475 TURNPIKE, LLC,            *
CHRISTOPHER T. CASEY, Personal Representative    *
Of The Estate of THOMAS C. COOKE,      and       *
ANDREW M. ROGERS,                                *
                                                 *
                              Defendants.        *
****************************************************

### NOTICE OF ATTORNEY'S LIEN
### AND
### MOTION TO DETERMINE ATTORNEY'S LINE
### WITH CERTIFICATE OF SERVICE

Now comes Joseph S. Provanzano, Esquire, prior counsel of record, in <u>Docket Number</u>

<u>2182CV00638,</u> for the Plaintiff, as concerns the same events referenced in the above entitled

matter, Docket Number **2282CV669**, and Moves, Prays, Gives Notice Of, and Requests of this

Court, as stated herein after.

    1. ]      THAT Joseph S. Provanzano, Esquire, is a practicing attorney and member of the

Massachusetts Bar, located at 16 Bourbon Street, Suite C, Peabody, Essex County,

Massachusetts 01960-1545, who hereby gives **NOTICE**, in part, pursuant to the provisions of

─────────────────────────────────────────

### NOTICE/MOTION - ATTORNEY'S LIEN

Page #2

<u>Thursday, September 14, 2023</u>

<u>Massachusetts General Laws, Chapter 221, Section 50</u>, and such other and further rules,

regulations and/or laws as may be applicable, and pursuant to a **WRITTEN FEE**

**AGREEMENT**, with the above named Plaintiff, Michael D'Lott, that he claims a **LIEN**, for his

reasonable legal fees, services, costs, interest, and expenses, upon all sums paid and/or to be paid

to the Plaintiff in this action, by the Defendants, by them individually, by their employers and/or

insurers, by their personal Representative, if any, and upon any and all proceeds that may be

recovered and/or paid to the Plaintiff, whether by Judgment, Settlement, Collection, and/or

Seizure in the matter referenced herein above.

2.]    THAT Joseph S. Provanzano, Esquire, states under oath and under the pains and

penalties of perjury that he was counsel of record for the Plaintiff, in the referenced Civil Action,

as concerns his claims against the Defendants; that the Plaintiff without notice, discussion and/or

reason therefor, suddenly and without complaint, terminated Joseph S. Provanzano, Esquire, and

his office and terminated his services; and that the Plaintiff had agreed to make payment of

services, costs and expenses rendered to Joseph S. Provanzano, Esquire, from all amounts

recovered and/or to be recovered, all as stated in his **WRITTEN FEE AGREEMENT**. The

Plaintiff is an Attorney At Law. The Plaintiff has possession of, and has received, all of the

original documents and records comprising this case file and has obtained new counsel, who has

filed an Appearance in this case.

3.]    THAT there is outstanding a Settlement Offer of $ 100,000.00, which was

obtained BEFORE the current case was filed and which was referenced in the **WRITTEN FEE**

**AGREEMENT**, as the Plaintiff chose to make payment of the legal fees that might be

recovered, even via said Offer of Settlement of $ 100,000.00.

---

**NOTICE/MOTION - ATTORNEY'S LIEN**

Date Filed 11/21/2023 9:40 PM
Superior Court - Norfolk
Docket Number 2282CV00669

Case 24-10298    Doc 12    Filed 04/11/24    Entered 04/11/24 11:40:48    Desc Main
                          Document      Page 15 of 23

Page #3
Thursday, September 14, 2023

4. ]    THAT Joseph S. Provanzano, Esquire requests and gives **NOTICE** of a **LIEN** in

an amount to be determined and granted in a sum, as determined by this Court, representing the

agreed upon, fair, reasonable and/or the fair market value of the services, costs and expenses

provided in this matter and their impact upon the claims of the Plaintiff, or in such amount as

previously agreed upon by and between the parties, or in such amount as this Court determines to

be fair and reasonable, with said **LIEN** upon all amounts to be paid or which are to be paid to

the Plaintiff, plus costs, expenses and interest.

5. ]    THAT while the referenced Civill Action was filed, the Plaintiff obtained new

counsel, Attorney Story, who warranted and represented that payment in a certain amount would

be paid to Attorney Provanzano, which was never paid.

6. ]    THAT present counsel, via a counsel that he had confer with Attorney

Provanzano, has indicated that the present Plaintiff's counsel is not looking to receive any legal

fees on the $ 100,000.00 amount, as it was well in place while Attorney Provanzano was

representing the Plaintiff. Said counsel demanded that the filed Civil Action, by Attorney

Provanzano, be Dismissed, which Attorney Provanzano, did, which was demanded in an attempt

to avoid the Attorney's Lien of Attorney Provanzano, but dismissing the prior case does not

negate Attorney Provanzano's legal fee.

7. ]    THAT Joseph S. Provanzano, Esquire seeks that the Plaintiff and the Defendants,

their agents, servants, employees, insurers and/or constables be **Ordered** to advise Joseph S.

Provanzano, Esquire within five [5] days of all amounts to be paid and/or agreed to be paid and

to provide an accounting thereof.

8. ]    THAT Joseph S. Provanzano, Esquire seeks that the Defendants, including

Defendants' agents, servants, employees, insurer and/or attorneys, be **Ordered** to include upon

---

**NOTICE/MOTION - ATTORNEY'S LIEN**

Date Filed 11/21/2023 3:49 PM
Superior Court - Norfolk
Docket Number 2282CV00669

Case 24-10298    Doc 12    Filed 04/11/24    Entered 04/11/24 11:40:48    Desc Main
Document    Page 16 of 23

Page #4

Thursday, September 14, 2023

any payment, not paid to date, the name of Joseph S. Provanzano, Esquire, and that no payment

be made until this Court allows same.

    9.]    THAT Joseph S. Provanzano, Esquire seeks that he be awarded costs, expenses,

interest and reasonable attorney fees for collecting all amounts due and for expenses.

    10.]    Each attorney, insurer and/or party has been provided this pleading and

attachments, by mailing a copy of this pleading and attachments, on this date, postage prepaid,

first class mail, via Certified Mail - Return Receipt Requested, to their addresses of record.

    **WHEREFORE**, Joseph S. Provanzano, Esquire, MOVES the Attorney's Lien of

Attorney Joseph S. Provanzano, Esquire, be determined, to include costs and expenses with such

other and further relief to Attorney Provanzano as is just fair and/or equitable.

                    Respectfully submitted,
                    Joseph S. Provanzano, Esquire,
                    By His Attorneys,

                    /s/ Joseph S. Provanzano, Esquire
                    Joseph S. Provanzano, Esquire
                    BBO # 407400
                    **LAW OFFICES OF**
                    **JOSEPH S. PROVANZANO**
                    16 Bourbon Street, Suite C
                    Peabody, MA 01960-1545

Tel.    : [978] 535 - 8222
Date   : Thursday, September 14, 2023
File    : P09-3157
Email  : JP@JOEPROLAW.com

<u>CERTIFICATE OF SERVICE</u>

    I, Joseph S. Provanzano, Esquire, hereby certify under oath and under the pains and

penalties of perjury that on Thursday, September 14, 2023, I mailed the above pleading to the

following:

                    **NOTICE/MOTION - ATTORNEY'S LIEN**

Page #5
Thursday, September 14, 2023

Attorney Michael David Dlott
59 Garfield Street
Quincy, MA 02169

J.P. Story, Esquire
Law Offices of Cutting And Story, LLC
10 Federal Street, Suite 303
Salem, MA 01970

Mr. Andrew Rogers
547 Chapman Street
Canton, MA 02021

General Manager
Grand Slam Restaurant Concepts Norwood, LLC, The Chateau Restaurant Of Norwood
c/o James Nocera
195 School Street
Waltham, MA 02450

General Manager
Margaretmit LLC
128 Carnegie Row
Norwood, MA 02062

Claims Department
NORFOLK & DEDHAM GROUP/DEDHAM MUTUAL INSURANCE
222 Ames Street, P.O. Box 9109
Dedham, MA 02027

Claims Department
USAA GENERAL INDEMNITY CO.
P.O. Box 26001
Daphne, AL 36526

F. Reed Cutting, Esquire
10 Federal Street, Suite 303
Salem, MA 01970

Attorney Scott L. Masse
27 Congress Street, Suite 401
Salem, MA 01970

Attorney Bruce H. Murray, Law Offices of Steven B. Stein
P.O. Box 2903
Hartford, CT 06104

---

**NOTICE/MOTION - ATTORNEY'S LIEN**

Date Filed 11/21/2023 5:46 PM
Superior Court - Norfolk
Docket Number 2282CV00669

Page #6
Thursday, September 14, 2023

Attorney Mark A. Aronsson
Boyle Shaughnessy Law, PC
695 Atlantic Avenue
Boston, MA 02111

Attorney Ralph Clark Sullivan
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Attorney Clara E. Lyons
Getman, Schulthess, Steere and Poulin, P.A.
1838 Elm Street
Manchester, N.H. 03104

Attorney Jack J. Tierney
Nixon Peabody, LLP
Exchange Place
53 State Street
Boston, MA 02109-2835

Attorney Christopher T. Casey
Personal Representative Of The Estate Of
Mr. Thomas C. Cooke
71 Washington Street, Second Floor
Salem, MA 01970

Attorney Andrew Lawlor
Belcher Fitzgerald, LLP
2 Oliver Street, Second Floor, Suite 302
Boston, MA 02110

by mailing same, via the United States Postal Service, by first class mail, postage prepaid,

Certified Mail - Return Receipt Requested - to their addresses of record.

Signed and sealed this Friday, September 15, 2023.

/s/ Joseph S. Provanzano, Esquire
Joseph S. Provanzano, Esquire
BBO # 407400

**NOTICE/MOTION - ATTORNEY'S LIEN**

# EXHIBIT "C"

**Mary K Hickey**

| | |
|---|---|
| **From:** | F Reed Cutting <reed@freedcuttinglaw.com> |
| **Sent:** | Sunday, March 24, 2024 4:29 PM |
| **To:** | Mary K Hickey |
| **Cc:** | Scott L. Masse; Kayla Avery |
| **Subject:** | Michael Dlott vs. Grand Slam Restaurant et al. No. 2282 CV 669. attached documents pertaining to bankruptcy of Joseph Provanzano |
| **Attachments:** | Joseph Provanzano bankruptcy documents.pdf |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Mary,

I have attached some paperwork relative to Bankruptcy Petition Number 24-10298 in the US Bankruptcy Court in Boston.

The named debtor is Joseph S. Provanzano. It is not a voluntary bankruptcy- as you will see.

This is the same Joseph Provanzano whose effort to create a lien in the above-named case is to be heard this Wednesday at 3PM.

We understand that bankruptcy proceedings typically result in an automatic stay of all, or most of all, other proceedings.

Would you be so kind as to show the attached to the judge and let attorney Massie and me know if the judge will proceed with the hearing on Wednesday ?

Thank you very much.

Reed

1

REPEAT

# United States Bankruptcy Court
# District of Massachusetts (Boston)
# Bankruptcy Petition #: 24-10298

*Date filed:* 02/16/2024

*Assigned to:* Judge Janet E. Bostwick
Chapter 7
Involuntary

**Debtor**
**Joseph Stephen Provanzano**
16 Bourbon Street
Suite C, Second Floor
Peabody, MA 01960
SSN / ITIN: xxx-xx-6708

represented by **Joseph Stephen Provanzano**
PRO SE

**Petitioning Creditor**
**Philippe J. Muraglia**
c/o RJ Barden
98 Bean Street, #9
Hollis, ME 04042

**Petitioning Creditor**
**Jonathan Paul Sweeney**
c/o RJ Barden
98 Bean Street, #9
Hollis, ME 04042

**Petitioning Creditor**
**Robert John Barden**
98 Bean Street, #9
Hollis, ME 04042

**Assistant U.S. Trustee**
**Richard King - B**
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
617-788-0400

| Filing Date | # | Docket Text |
|---|---|---|
| | 1 (5 pgs) | Chapter 7 Involuntary Petition Against an Individual. Fee Amount $338 Re: Joseph Stephen Provanzano filed by Philippe J. Muraglia, Jonathan Paul |

| 02/16/2024 | | Sweeney, Robert John Barden. (sl) (Entered: 02/20/2024) |
|---|---|---|
| 02/21/2024 | | Receipt Number 11000148, Fee Amount $338.00 (Re: 1 Involuntary Petition (Chapter 7) filed by Debtor Joseph Stephen Provanzano, Petitioning Creditor Philippe J. Muraglia, Petitioning Creditor Jonathan Paul Sweeney, Petitioning Creditor Robert John Barden) (sl) (Entered: 02/21/2024) |
| 02/21/2024 | 2 (2 pgs) | Involuntary Summons Issued on Joseph Stephen Provanzano. (skeating, usbc) (Entered: 02/21/2024) |
| 02/21/2024 | 3 (2 pgs) | Court Certificate of Mailing. (Re: 2 Involuntary Summons Issued) (skeating, usbc) (Entered: 02/21/2024) |
| 02/23/2024 | 4 (3 pgs) | BNC Certificate of Mailing. (Re: 2 Involuntary Summons Issued) Notice Date 02/23/2024. (Admin.) (Entered: 02/24/2024) |
| 03/15/2024 | 5 (3 pgs) | Summons Service Executed on Joseph Stephen Provanzano 3/11/2024. (skeating, usbc) (Entered: 03/15/2024) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/21/2024 16:07:01 | | | |
| PACER Login: | kylesara1 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 24-10298 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Format: html Page counts for documents: included |
| Billable Pages: | 1 | Cost: | 0.10 |

**Sullivan, Ralph**

# EXHIBIT "D"

| | |
|---|---|
| **From:** | Mary K Hickey <mary.hickey@jud.state.ma.us> |
| **Sent:** | Monday, March 25, 2024 1:22 PM |
| **To:** | F Reed Cutting; Scott L. Masse; Murray, Bruce Henry; maronsson@boyleshaughnessy.com; Sullivan, Ralph; jp@joeprolaw.com; clyons@gssp-lawyers.com |
| **Subject:** | Michael Diott vs. Grand Slan Restaurant Concepts Norwood, LLC d/b/a Jake N Joes Sprots Grille-Norwood Etal  Docket no. 2282cv00669 |

**External Email from mary.hickey@jud.state.ma.us <mary.hickey@jud.state.ma.us>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Good afternoon counsel, I hope all is going well.  In reference to the above entitled case, Judge Leighton has cancelled the hearing scheduled for this Wednesday, March 27th.   The hearing was regarding the Attorney Lien of  Attorney Joseph S. Provanzano.  Have a nice day. Mary

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                          )
                                                )                    CHAPTER 7
JOSEPH S. PROVANZANO,                           )               CASE NO. 24-10298
                                                )           JUDGE JANET E. BOSTWICK
       Alleged Debtor.                          )
                                                )
                                                )


ORDER ON MOTION OF THE ESTATE OF THOMAS COOKE AND NORFOLK &
DEDHAM MUTUAL FIRE INSURANCE COMPANY

AFTER HEARING, the motion of the Estate of Thomas Cooke and Norfolk & Dedham to lift

stay is ALLOWED.  The motion of Joseph Provanzano to Determine Attorney's Lien, which is

pending at the Norfolk Superior Court in Civil Action No.2282CV00669, may be heard and

decided by a judge at that court in due course.  The automatic stay is lifted so that the superior

court may adjudicate the merits of the attorney's lien which is asserted by the Alleged Debtor.


       Dated April 16, 2024                         By the Court


                                                    _____
                                                    Janet E. Bostwick
                                                    United States Bankruptcy Judge